Gerald P. Culkin, J.
This is a proceeding wherein an order is sought directing the Board of Education of the City of New York and the Board of Elections of the City of New York to postpone the election of members of the Community School Boards in the Boroughs of Brooklyn, Queens, Bronx and Richmond and to further require the holding of elections for members to the Community School Boards in all of the boroughs of the City of New York on the same day.
Petitioner, it appears, has filed a nominating petition for election to Community School Board No. 3. The gravamen of the petition is that by virtue of the New York Court of Appeals decision in the Matter of Tinsley v. Monserrat (26 N Y 2d 110), an effect of which is the delaying of the election for Community School Boards in New York County, the holding of elections in the other four counties of New York City would do violence to the legislative mandate of section 2590-b (subd. 2, par. [d]) of the Education Law. This court does not agree. Section 2590-b (subd. 2, par. [d]) (L. 1970, ch. 3) of the Education Law requires that “ The first election of the members of such community boards shall be held on the third Thursday in March, nineteen hundred seventy ”.
In Matter of Tinsley v. Monserrat (supra) the Court of Appeals held that the Board of Education must prepare and submit a new school districting plan for the Borough of Manhattan and thereafter hold a public hearing on such plan. Patently, said court in so determining was aware of the aforementioned statutory requirement as to the holding of the first *561 election of the members of such community boards not only in New York County, but in the other four counties as well. Under these circumstances, the clear unambiguous language of the Court of Appeals in characterizing the ‘ ‘ tentative districting plan ” in terms of the Borough of Manhattan and the absence of any direction as to the postponing of elections in the other four counties are determinative of the instant application.
Examination of article 52-A of the Education Law reveals that the continued propriety of county lines for jurisdictional purposes is observed (see, e.g., Education Law, § 2590-b, subd. 2, par. [b]; subd. 3). Consonant with this fact, the school district plan in regard to the four counties of the Bronx, Queens, Kings and Richmond is beyond the ambit of the Tinsley rationale.
This court is not constrained to adopt a sterile, highly abstract interpretation of section 2590-b of the Education Law which exalts form over substance and ignores the serious practical implementation of said law. The Court of Appeals in deciding Tinsley realized that there could be a separate election in the afore-mentioned four counties. As there are valid community districts in each and every borough of New York City other than the Borough of Manhattan, section 2590-b (subd. 2, par. [d]) of the Education Law mandates an election therein on the third Thursday in March, 1970.
Accordingly, the application is denied, and the petition is dismissed.